IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDO ROMERO,<br><br>    Petitioner,<br><br>  v.<br><br>F. X. CHAVEZ, Warden,<br><br>    Respondent.<br>_____ / | No. C 11-4800 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; GRANTING MOTION FOR EXTENSION OF TIME; DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket Nos. 5 & 6) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28 U.S.C. 2254. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss on statute of limitations grounds. Petitioner's motion for an extension of time is **GRANTED**, such that his opposition filed on March 9, 2012, is deemed timely filed. Respondent filed a reply.

For the reasons discussed below, respondent's motion to dismiss is **GRANTED.**

## STATEMENT

The following facts are not disputed by the parties. In 2004, petitioner was convicted in Alameda County Superior Court of second degree murder and eight counts of attempted voluntary manslaughter. On appeal, the California Court of Appeal affirmed the second degree murder conviction and reversed the convictions of attempted voluntary manslaughter on May 8, 2006. The California Supreme Court denied petitioner's petition for review on July 12, 2006. The Alameda County Superior Court dismissed the eight counts of attempted voluntary manslaughter and re-sentenced petitioner to state prison for a term of 21 years to life on or

about November 1, 2006. Petitioner did not appeal from the re-sentencing proceedings.

On November 18, 2010, petitioner filed a petition for writ of habeas corpus in the Alameda County Superior Court, which was denied on January 31, 2011.

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal which was denied on November 7, 2011.

On March 24, 2011, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on August 24, 2011, with citations to *In re Robbins*, 18 Cal.4th 770, 780 (1998), and *In re Duvall*, 9 Cal.4th 464, 474 (1995).

On September 12, 2011, petitioner filed the instant federal petition.

**ANALYSIS**

Respondent contends that the petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. 2244(d)(1)(A).[1]

Pursuant to California Rule of Court 8.308(a), a direct appeal from a criminal judgment must be filed within sixty days after rendition of judgment. Here, judgment was rendered on November 1, 2006, and thus petitioner's time for seeking direct review expired on December 31, 2006. Accordingly, the limitation period began to run on that date and it expired one year later, on December 31, 2007. Under the "mailbox rule," the instant petition is deemed filed on September 12, 2011, the date it was signed and presumably given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). As the instant petition was not filed until almost four years after the one-year limitation period had expired, the instant petition is

---

[1] In rare instances neither argued in nor applicable to the present case, the limitation period may run from a different date. See 28 U.S.C. 2244(d)(1)(B)-(D).

2

untimely absent tolling.

The one-year statute of limitations in AEDPA is tolled under Section 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. 2244(d)(2)). By the time petitioner filed his first habeas petition in state court in 2010, however, the limitations period had expired approximately three years earlier. Respondent admits that petitioner may have filed an earlier petition for a writ of habeas corpus that was denied on January 29, 2009, in the Alameda Superior Court. (Mot. at 3.) However, over a year passed until petitioner filed his next petition in Alameda County Superior Court on November 18, 2010, during which time the limitations period clearly expired.[2] State habeas petitions filed in the state court after AEDPA's statute of limitations has already ended, such as those filed by petitioner, do not toll the limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Thus, the petition is not rendered timely by tolling under Section 2244(d)(2).

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005)). The prisoner also must show that the extraordinary circumstances "were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner asserts in opposition that his untimely filing should be excused. He first argues that he never appealed his re-sentencing because he was never informed that he would be re-sentenced. He also claims that he never received notice that his first petition in Alameda County Superior Court was denied on January 29, 2009.

Petitioner's allegations are not sufficient to warrant equitable tolling. The state

---

[2] Respondent correctly argues that petitioner is not entitled to tolling between the two superior court petitions. *See Carey v. Scaffold*, 536 U.S. 214, 223 (2002).

1 appellate's opinion reversing his eight voluntary manslaughter convictions clearly states that 2 "[t]he matter is remanded to the trail court for further proceedings consistent with this opinion." 3 (Mot. Ex. A at 24.) Petitioner could have discovered with due diligence what the result of his 4 appeal was and that he was entitled to re-sentencing pursuant to the appellate court's remand 5 order. Furthermore, petitioner does not explain why he did not follow up on the status of his 6 first state habeas petition or why he delayed pursuing another state habeas petition for almost 7 two years after he allegedly failed to receive notice of the outcome of his first state habeas 8 petition. The overall circumstances petitioner alleges establish neither that he pursued his state 9 and federal habeas remedies diligently, nor that any extraordinary circumstance prevented him 10 from doing so. Therefore, the petition is not rendered timely by virtue of equitable tolling.

Accordingly, the motion to dismiss the petition as untimely will be granted.

## CONCLUSION

Respondent's motion to dismiss (document number 5) is **GRANTED**. Plaintiff's motion for an extension of time (docket number 6) is **GRANTED**. The instant petition is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May   30  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\ROMERO4800.MTD-SOL.hhl.wpd

4